# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LARRY RAYMER, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: CV215-10 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: CR211-37) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Larry Raymer's ("Raymer") Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The Government has filed a response to Raymer's Motion asserting that he is entitled to the relief he seeks. After careful consideration and for the reasons which follow, the Court **GRANTS** Raymer's Section 2255 motion. Raymer also filed a motion for transcripts. Dkt. No. 3. Raymer's motion for transcript is **DENIED** at this time, as a party has no entitlement to a copy of any transcript at no cost.

I. **Background**

Raymer is currently confined at the Federal Correctional Institution in Jesup, Georgia. Raymer was sentenced in 1998 in

the Southern District of Indiana to 180 months' imprisonment to be followed by five years' supervised release after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Raymer, Case No. 2:11-CR-37, Dkt. No. 2-2 (S.D. Ga. Dec. 20, 2011). Raymer was released from prison on October 8, 2010, and began his period of supervised release. The Southern District of Indiana transferred jurisdiction of Raymer's term of supervised release to the Southern District of Georgia on December 30, 2011. Id. at Dkt. Nos. 1, 2.

The United States Probation Office filed a petition for a warrant and revocation of Raymer's supervised release on July 22, 2014, asserting that Raymer committed two (2) violations of the mandatory condition to not commit another federal, state, or local crime based on allegations that Raymer was in possession of firearms and ammunition. Id. at Dkt. No. 3. The undersigned issued the warrant, and Raymer was arrested on the same date. Id. at Dkt. No. 4. After Raymer's initial appearance before the United States Magistrate Judge, attorney Jonathan Miller, III, was appointed to represent Raymer in these proceedings. Id. at Dkt. Nos. 5, 7. On August 13, 2013, the Magistrate Judge conducted a preliminary hearing on the revocation petition, determined probable cause existed to believe Raymer had violated the conditions of his supervised

release, as alleged, and ordered Raymer be detained until the undersigned conducted a revocation hearing. Id. at Dkt. Nos. 10, 12, 13. The undersigned conducted a revocation hearing on October 1, 2014, found that Raymer had violated the conditions of his supervised release, and sentenced Raymer to 15 months' imprisonment, to be followed by two years' supervised release. Id. at Dkt. No. 19. Raymer filed his Section 2255 motion on January 20, 2015, and the Government filed its Response on February 17, 2015. Dkt. Nos. 1, 4.

## II. Discussion

Raymer asserts he received ineffective assistance of counsel because his counsel, Mr. Miller, failed to file a direct appeal on Raymer's behalf, despite Raymer's in-court request for Mr. Miller to file an appeal. Raymer contends he has not seen Mr. Miller since the date of his sentencing before the undersigned. Dkt. No. 1, p. 4.

The Government asserts that it has reviewed the record in this case, spoken with Mr. Miller, and concedes that Raymer is entitled to file an out-of-time appeal. The Government states it would be unable to present any evidence during an evidentiary hearing which would materially negate Raymer's failure-to-consult claim. Dkt. No. 4, p. 6.

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To

prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685-86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686).

A defendant can file a direct appeal of his federal conviction as a matter of right. Thompson v. United States, 504 F.3d 1203, 1206-07 (11th Cir. 2007). A "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The Eleventh Circuit Court of Appeals "has interpreted Flores-Ortega to mean that it is per se unreasonable to fail to follow a client's explicit request to file an appeal." Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005). Even if a client has not made a specific request of his attorney to file an appeal, "counsel has a constitutionally-imposed duty to consult

with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480.

The denial of counsel on appeal and, more seriously, the denial of an appeal altogether as a result of ineffective assistance of counsel, deprive the accused of counsel at a "critical stage" and, therefore, carry a presumption of prejudice. Id. at 483. However, "counsel's deficient performance must actually cause the forfeiture of the defendant's appeal." Id. at 484. Thus, to invoke the presumption of prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. "When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id.

A pro se defendant is not required to show that his appeal has any arguably meritorious grounds for appeal; all that is required is for the "defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." Ashcraft

v. Sec'y, Fla. Dep't of Corr., 340 F. App'x 600, 602 (11th Cir. 2009). "The duty to consult includes two obligations: to advise the client 'about the advantages and disadvantages of taking an appeal,' and to make a 'reasonable effort to discover' whether the client wants to appeal." Baughman v. United States, 319 F. App'x 866, 869 (11th Cir. 2009) (internal citation omitted).

At the sentencing before the undersigned, Raymer asked whether he could appeal the undersigned's judgment of placing him on supervised release for a two-year period after he completes his 15 month-period of incarceration. Case No. 2:11-CR-37, Dkt. No. 26, p. 78. The undersigned stated, "Mr. Raymer, you may appeal. And I am going to ask that you, Mr. Miller, advise him regarding any appeal rights or opportunities that he has." Id. According to the assertions of Raymer, which the Government has not disputed, that consultation never took place. It appears that, but for counsel's deficient conduct in this regard, Raymer would have appealed.

### III. Conclusion

It is clear the undersigned directed Mr. Miller to advise Raymer of his appellate rights. Given Raymer's representations to the Court and the Government's concession to Raymer's requested relief, it also appears that Mr. Miller did not advise Raymer of his appellate rights or to otherwise consult with Raymer about the pursuit of an appeal. Consequently, Raymer has

AO 72A
(Rev. 8/82)

set forth facts sufficient to support his claim that Mr. Miller rendered ineffective assistance of counsel by failing to consult with Raymer about pursuing an appeal. As a result, Raymer's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, is hereby **GRANTED**.

"When an out-of-time appeal is granted in a § 2255 proceeding, the criminal judgment must be vacated, the same sentence reimposed, and, upon reimposition of the sentence, the defendant must be notified of both the rights associated with making an appeal and the timing required to file an appeal." United States v. Palacios, 516 F. App'x 734, 738 (11th Cir. 2013) (per curiam) (citing United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)). "The purpose of the Phillips out-of-time appeal remedy is to restore the defendant to the same position that he would have been in had his lawyer filed a timely appeal on his behalf." Id. (citing McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002)).

Accordingly, it is **ORDERED**:

(1) The Court's October 6, 2014, judgment, dkt. no. 19, is **VACATED**;

(2) Raymer is resentenced to 15 months' imprisonment, to be followed by two years supervised release. The sentence is

effective as of the date of this Order for purposes of filing an appeal only;[1]

(3) Raymer is advised that he is entitled to the assistance of counsel, and the Court will appoint substitute counsel to represent Mr. Raymer on appeal.[2]

(4) As Mr. Raymer has clearly indicated his desire to pursue an appeal, the Clerk of the Court is **DIRECTED** to file a Notice of Appeal with the Eleventh Circuit on Mr. Raymer's behalf. Such notice shall be filed within (14) days from the date of entry of the new judgment reimposing Mr. Raymer's 15-month sentence. FED. R. APP. 4(b)(1)(A)(i).

**SO ORDERED**, this 16 day of March, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The purpose of this resentencing is only to "reset the clock" to allow "for filing an appeal by entering a new judgment identical to the first but for the effective date," which does not raise due process concerns. Palacios, 516 F. App'x at 739 (citing United States v. Parrish, 427 F.3d 1345, 1347-48 (11th Cir. 2005)). It is the intent of the Court that Raymer be given credit toward this sentence for the time that he has already served as a result of the petition for revocation of Raymer's supervised release filed on July 22, 2014.

[2] Raymer has the right to hire his own counsel if he is able to do so. If Mr. Raymer hires his own counsel, his retained counsel should enter an appearance in the case, and, at such time, his court-appointed counsel would be relieved from any further obligation to represent Raymer.

AO 72A
(Rev. 8/82)

8